[Sac. No. 7895. In Bank. Oct. 28, 1971.]

STATE DEPARTMENT OF CORRECTIONS, Petitioner v.
WORKMEN'S COMPENSATION APPEALS BOARD and JERRY I.
JENSEN, Respondents.

## COUNSEL

T. Groezinger, Loton Wells and Philip M. Miyamoto for Petitioner.

Rupert A. Pedrin, Jon L. Gateley, Wilke, Fleury, Sapunor & Hoffelt and William A. Gould, Jr., for Respondents.

## OPINION

**MOSK, J.**—Section 4553 of the Labor Code provides that the amount of compensation otherwise recoverable by an employee who suffers an industrial injury shall be increased by one-half if the injury results from the serious and wilful misconduct of the employer. The question before us is whether this provision is applicable if the employer is a governmental entity. We answer affirmatively and hold that the Workmen's Compensation Appeals Board (hereinafter the board) acted properly in making an award of additional benefits against petitioner, the State Department of Corrections.

Jerry I. Jensen sustained an industrial injury to his back in the course of employment as a pharmacist at Folsom State Prison. He filed claims against the Department of Corrections for both normal workmen's compensation benefits and for the increased award permitted by section 4553 of the Labor Code. The board awarded him ordinary compensation and increased the award by one-half because of the serious and wilful misconduct of his employer. The Department of Corrections does not challenge the board's finding that its agents were guilty of the type of conduct described in section 4553, but contends only that the section may not be utilized to impose additional burdens on a governmental entity in view of the proscription found in section 818 of the Government Code.

Section 818, which appears in the portion of the Government Code setting forth the liability of public entities and public employees provides, "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."[1]

---

[1] Section 3294 of the Civil Code provides, "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

This section was added to the code upon a recommendation of the California Law Revision Commission, which commented, "Public entities shall not be liable for punitive or exemplary damages. Such damages are imposed to punish a defendant for oppression, fraud or malice. They are inappropriate where a public entity is involved, since they would fall upon the innocent taxpayers." (Recommendations Relating to Sovereign Immunity, No. 1—Tort Liability of Public Entities and Public Employes, 4 Cal.Law Revision Com. Rep. (Jan. 1963) p. 817; see also *City of Salinas* v. *Souza & McCue Construction Co.* (1967) 66 Cal.2d 217, 228 [57 Cal. Rptr. 337, 424 P.2d 921].)

There is no problem, in general, in distinguishing between compensatory damages and punitive damages. ▉ This court has stated that the latter are assessed to punish a defendant, whereas the purpose of compensatory damages is to compensate a plaintiff for his losses. (*Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 469 [72 Cal.Rptr. 344, 446 P.2d 152]; *Gudarov* v. *Hadjieff* (1952) 38 Cal.2d 412, 417 [240 P.2d 621]; *Brewer* v. *Second Baptist Church* (1948) 32 Cal.2d 791, 801 [197 P.2d 713].) By definition, punitive damages are in addition to actual damages (*Carter* v. *Agricultural Ins. Co.* (1968) 266 Cal.App.2d 805, 807 [72 Cal.Rptr. 462]), and they exceed just compensation (Rest., Contracts, § 342, com. a, at p. 561).

The question whether the additional compensation authorized by section 4553 of the Labor Code has as its purpose the punishment of the employer or the compensation of the injured employee was decided many years ago in *E. Clemens Horst Co.* v. *Industrial Acc. Com.* (1920) 184 Cal. 180 [193 P. 105, 16 A.L.R. 611]. In that case, the commission, the board's predecessor, had increased an award for normal compensation benefits against a corporation by one-half because it found the corporation was guilty of serious and wilful misconduct. The defendant complained that the statute permitting such an increase was unconstitutional under the provisions of section 21, article XX, of the Constitution, which provided then, as it does currently, that the Legislature was authorized to create a system of workmen's compensation "to compensate" employees for injuries received in the course of their employment irrespective of the fault of any party. The defendant argued that the provision for an increased award for serious and wilful misconduct was by way of punitive and exemplary damages and that such provision was unconstitutional since the Legislature's power was limited by the Constitution to the creation of a system of compensation for employees suffering industrial injuries.

The court agreed with the defendant as to the limitation on the power of the Legislature and held that the provision for additional award would

be unconstitutional if it provided for a penalty rather than compensation. However, it upheld the constitutionality of the enactment on the ground that an ordinary award of benefits does not fully compensate an employee for his injuries and other detriment and that the purpose of the additional allowance was to provide more nearly full compensation in those cases in which the employer was guilty of aggravated misconduct.

The court stated, "[The Constitution] does not authorize the giving of jurisdiction to enforce a liability for punitive damages, not given as compensation, but as something over and above compensation for the injury.

"But the provision in question is founded upon a different theory. It is obvious from the language [of the statute] . . . and from the [workmen's compensation] act as a whole, that the ordinary schedule of compensation there established was not considered to be full and complete compensation for the injuries received. The purpose was to take a part of the burden imposed by the injury from the injured employee, and transfer that part to the employer to be ultimately borne by the community in general as an addition to the cost of production. . . . [T]he indemnity based upon the loss of earnings 'covers not the whole, but only a part of a percentage of such loss. The risk of actual injuries is thus shared by employer and employee.' . . . All presumptions are to be indulged in favor of the validity of an act of the legislature. It is, therefore, to be presumed the legislature found that the actual injury by loss of earnings and other elements of damage, not including expenses for costs of treatment and the like, would be at least fifty per cent more than the fixed schedule would come to, and that it was deemed just if the injury was caused by willful misconduct of the employer he should be made to pay a greater proportion of the burden, and that the allowance in such a case should be increased by adding fifty per cent thereto. Thus considered, the additional allowance is really for additional compensation in the strict sense, and not for exemplary damages. This being the case, the power to enforce it was properly given to the commission under the provisions of section 21, article XX, of the constitution." (184 Cal. at pp. 192-193.)

It is manifest from the analysis in *Horst* that section 4553 of the Labor Code is designed to provide more nearly full compensation to an injured employee rather than to penalize an employer; otherwise the section would be unconstitutional.

The Department of Corrections' contention that the section is punitive in character is based primarily upon *Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 102, 108 [251 P.2d 955], and *Lambreton* v. *In-*

*dustrial Acc. Com.* (1956) 46 Cal.2d 498, 504 [297 P.2d 9]. *Mercer-Fraser* considered in some detail the question of what constitutes serious and wilful misconduct for the purposes of section 4553. In the course of its opinion the court stated, "An award of the type here involved, although denominated and regarded for some purposes as 'increased compensation,' is actually of the nature of a penalty [citations, including the *Horst* case], and cannot be insured against [citation]." (40 Cal.2d at p. 108.) The statement was repeated in substance in *Lambreton.*

While at first blush this rhetoric seems to be at variance with the holding in *Horst* that increased benefits represent actual compensation for injuries suffered, there is, upon analysis, no necessary incompatibility between the cases. *Mercer-Fraser* involved the degree of misconduct which would justify a conclusion that an employer was guilty of serious and wilful misconduct. The case held that a finding of such misconduct was improper unless the employer's behavior went significantly beyond mere negligence. In this context a statement that an award of additional compensation is in the "nature of a penalty" suggests only that such a finding should not be made unless the employer's conduct was of an aggravated character. Had *Mercer-Fraser* intended to determine an award under section 4553 was a penalty in that the statutory purpose was primarily to punish the employer rather than to compensate the employee, it would have been compelled to overrule *Horst.* Not only did the *Mercer-Fraser* decision refrain from overruling *Horst,* but it cited the latter case with approval. (40 Cal.2d at p. 108.)

■ Although an employer against whom an increased award is made under section 4553 is penalized in the sense that he is required to pay a higher amount of compensation by reason of his serious and wilful misconduct than he would have been compelled to pay if his conduct were less culpable, the employee does not receive more than full compensation for his injuries. Thus, the increased award is not a penalty in the sense of being designed primarily to punish the defendant rather than to more adequately compensate the plaintiff.

The distinction between the term "penalty" as used in *Mercer-Fraser* and as utilized in the context of an award by way of punishing the defendant is recognized in Hanna's text on workmen's compensation. He states, "Even though the additional compensation [provided by section 4553] does not constitute punitive or exemplary damages [citing *Horst*], it is deemed to be a penalty [citing *Mercer-Fraser*]. Its imposition, therefore, upon a finding of culpability less than statutorily specified constitutes an unlawful taking of one person's property, and an unwarranted giving of it to another [citing

*Mercer-Fraser*]." (Fns. omitted; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, § 17.02[1].) The same section of this treatise points out that the board has applied section 4553 to governmental agencies. (*McDowell* v. *State Dept. of Highways* (1939) 4 Cal.Comp.Cases 144; *San Diego* v. *I.A.C.* (1929) 16 I.A.C. 41; *Linton* v. *City of Eureka* (1928) 15 I.A.C. 30; *Van West* v. *City of Santa Monica* (1928) 15 I.A.C. 10; *Santa Monica* v. *I.A.C.* (1928) 15 I.A.C. 87.)

█ It seems clear to us that section 818 of the Government Code, in referring to "damages imposed primarily for the sake of example and by way of punishing the defendant" contemplates, as the comment to the section by the California Law Revision Commission indicates, punitive damages which are designed to punish the defendant rather than to compensate the plaintiff. █ Punitive damages are by definition in addition to actual damages and beyond the equivalent of harm done. (*Carter* v. *Agricultural Ins. Co., supra,* 266 Cal.App.2d 805, 807; Rest., Contracts, § 342, com. a, at p. 561.)[2] █ In view of these well-settled propositions and the long prevailing rationale of *Horst* that the increased award provided by section 4553 contemplates more fully compensating the plaintiff for an industrial injury rather than penalizing the employer, we hold that the award made here does not violate section 818 of the Government Code.

Our interpretation of section 818 is supported further by section 814.2 of the Government Code, which provides that nothing in the portion of the code relating to the liability of public entities and employees (including § 818) shall be construed to impliedly repeal any provision of division 4 of the Labor Code, which includes section 4553. The Law Revision Commission commented on section 814.2: "This section makes clear that the statute relating to the liability of public entities and public employees has no effect on rights under the Workmen's Compensation Act." Sections 814.2 and 818 of the Government Code would be irreconcilable if we were to interpret the additional award for serious and wilful misconduct as punitive in nature. █ Our conclusion that such an award is merely more adequate compensation rather than punishment avoids that result.

The award is affirmed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

---

[2]The Restatement comments, "All damages are in some degree punitive and preventive; but they are not so called unless they exceed just compensation measured by the harm suffered." (Rest., Contracts, § 342, com. a, at p. 561.)