[Civ. No. 59751. Second Dist., Div. One. Nov. 14, 1980.]

LEROY BURTON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
CITY OF LOS ANGELES, Respondents.

COUNSEL

Schwartz, Steinsapir, Dohrmann & Krepack, Mark Edelstein, Steven M. Barry and Dennis Zimmerman for Petitioner.

Burt Pines, City Attorney, H. John Wittorff, Assistant City Attorney, and Stanley S. Uyehara, Deputy City Attorney, for Respondents.

OPINION

LILLIE, J.—The issue presented herein is the proper calculation of a 10 percent penalty pursuant to Labor Code[1] section 5814[2] for the employer's failure to fully comply with an award of increased workers' compensation benefits based upon the employer's discrimination against the injured employee in violation of section 132a.[3]

Petitioner Leroy Burton sustained admitted industrial injuries on October 17, 1973, and December 8, 1974, while employed by respondent

---

[1]Hereinafter, unless specified to the contrary, all references will be to the Labor Code.

[2]Section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

[3]As applies herein section 132a provides: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.

"Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because the latter has filed or made known his intention to file an application with the appeals board, or because the employee has received a rating, award or settlement, or, because the employee testified or made known his intentions to testify in any manner relating to the appeals board, is guilty of a misdemeanor and subject to the provisions of Section 4553.

"Any insurance carrier who advises, directs, or threatens an insured under penalty of cancellation or a raise in premium or for any other reason, to discharge an employee because the latter has filed or made known his intention to file an application with the appeals board, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and subject to the provisions of Section 4553.

"Proceedings under this section for increased compensation as provided in Section 4553 are to be instituted by filing an appropriate petition with the appeals board, but such proceedings may not be commenced more than one year from the discriminatory act or date of termination of the employee. The appeals board is vested with full power, authority, and jurisdiction to try and determine finally all the matters specified in this section subject only to judicial review."

City of Los Angeles (City). In July 1977 Burton received stipulated awards of workers' compensation benefits for both injuries. There is no contention that City failed to promptly pay these original awards.

Section 132a expresses the broad policy that employees who have sustained industrial injuries not be discriminated against. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 665-666 [150 Cal.Rptr. 250, 586 P.2d 564].) "[S]ection 132a prohibits the employer from arbitrarily taking action against his employee on the sole basis that the employee sustained an industrial injury." (*Western Electric Co.* v. *Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 629, 644 [160 Cal.Rptr. 436].) Where the employer violates section 132a, he is "subject to the provisions of Section 4553." Section 4553, which pertains to increased compensation when the employee has sustained an industrial injury as a consequence of the serious and willful misconduct of the employer, provides that the "amount of compensation otherwise recoverable shall be increased by one-half" but that "such increase of award shall in no event exceed ten thousand dollars ($10,000); together with costs and expenses incident to procurement of such award, not to exceed two hundred fifty dollars ($250)."[4] Thus, an employee subject to discrimination by the employer violative of section 132a has his workers' compensation benefits increased by 50 percent up to $10,000.

Here, it is not now disputed that subsequent to the stipulated awards City discriminated against Burton in violation of section 132a. ■ ■ ■ ■ City also now concedes that Burton is entitled to a 50 percent increase in his workers' compensation benefits.[5] The award of increased compensation pursuant to sections 132a and 4553 was issued by the workers' compensation judge on July 21, 1978. The board affirmed this award on January 9, 1979.

---

[4]Section 4553 provides: "The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and willful misconduct of any of the following:

"(a)  The employer, or his managing representative.

"(b)  If the employer is a partnership, on the part of one of the partners or a managing representative or general superintendent thereof.

"(c)  If the employer is a corporation, on the part of an executive, managing officer, or general superintendent thereof.

"But such increase of award shall in no event exceed ten thousand dollars ($10,000); together with costs and expenses incident to procurement of such award, not to exceed two hundred fifty dollars ($250)."

[5]This does not mean City admits to have been guilty of a misdemeanor under the section 132a criminal penalty provisions. City has only been found by the board to have violated section 132a for purposes of the employee's civil/administrative remedy. An

City promptly paid the awarded increased compensation except with regard to temporary disability indemnity. This led to the proceedings directly under review herein wherein a 10 percent penalty, pursuant to section 5814, was assessed against City for failure to promptly pay awarded benefits. Before this court, City does not dispute that its failure to promptly pay the section 132a increased award calculated on the temporary disability indemnity renders it subject to a 10 percent penalty pursuant to section 5814. ■ The dispute herein is only over the manner in which such 10 percent penalty is calculated.

Section 5814 requires that "the full amount of the order, decision or award shall be increased by 10 percent."

Recently in *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 827 [153 Cal.Rptr. 590, 591 P.2d 1242], the Supreme Court expressly held that "the penalty is to be computed by assessing 10 percent of the entire amount ultimately awarded for the particular class of benefit which has been unreasonably delayed or withheld." No credit is allowed to the employer or carrier for amounts previously paid under an award without delay on the specific benefit awarded. (*Gallamore, supra*, 23 Cal.3d at p. 827.) "The statutory language [of § 5814], referring to the 'full' amount of an award makes no provision for credit for any partial payments made under compulsion of an award. (See *Ramsey* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 693, 698 [83 Cal.Rptr. 51].) Thus, if any part of a specific benefit has been delayed or withheld, the penalty is imposed against the entirety of that benefit." (*Gallamore, supra*, 23 Cal.3d at p. 827.)

Accordingly under *Gallamore*, if, for example, payment of permanent disability indemnity pursuant to an award has been unreasonably delayed, the penalty applies to the entire award of permanent disability indemnity even if part of the permanent disability indemnity was timely paid under the award. The penalty would not, however, apply to another class of benefit (e.g., temporary disability, medical-legal costs, medical treatment), payment of which was not unreasonably delayed. (*Gallamore, supra*, 23 Cal.3d at pp. 824-827; but see, *Bauer* v. *Workers' Comp. Appeals Bd.* (1979) 94 Cal.App.3d 250 [156 Cal.Rptr. 400]; *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Crowe*) (1980) 103 Cal.App.3d 877 [163 Cal.Rptr. 246].)

---

award of increased compensation under section 132a is not tantamount to finding City guilty of a misdemeanor. (*Western Electric Co., supra*, 99 Cal.App.3d at pp. 639-640.)

The workers' compensation judge here calculated the section 5814 penalty as 10 percent of the section 132a .increase as applied to temporary disability indemnity. Thus, the judge took the total temporary disability indemnity for both injuries payable to Burton ($5,294), computed the section 132a 50 percent increase as $2,647, and calculated the section 5814 penalty as 10 percent of $2,647, which results in a 10 percent penalty of only $264.70. The board has affirmed this section 5814 penalty calculation.[6]

Burton urges that the section 5814 penalty should have been the 10 percent of the *entire* section 132a increase in compensation and not of just the section 132a increase with respect to temporary disability indemnity.

As noted above, the Supreme Court in *Gallamore* held that the section 5814 10 percent penalty applies to the entire "class of benefit." Burton urges that the "class of benefit" here is the section 132a increase in compensation. The board has reasoned that the "class of benefit" here delayed is temporary disability indemnity because the delayed payment pertained to the increase in that benefit. An exploration of the nature of the increased compensation under section 132a leads us to accept Burton's position.

While the 50 percent increase in compensation provided for in section 132a is often classified by legal writers as a "penalty" (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1980) § 14.01; Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1980) § 2.27, p. 18; 1 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) § 11.27; St. Clair, Cal. Workers' Compensation Law and Practice (1980) ch. 12.5, p. 258), such civil/administrative remedy is not a "penalty" in the sense it is punitive in nature. Rather, the 50 percent increase in the award is compensatory in two ways. First, the employee is compensated for damages directly caused as the result of the employer's prohibited discriminatory conduct. This aspect of the section 132a civil/administrative remedy clearly points to its being a separate "class of benefit." Secondly, as the workers' compensation benefits ordinarily provided do not fully compensate the

---

[6]The section 132a 50 percent increase for all benefits, including temporary disability indemnity, apparently came to less than $10,000.

We caution that except with respect to the narrow question presented herein we do not review the board's calculation of the section 132a increase in benefits or of the section 5814 penalty.

employee for his injuries and his other detriment, the allowance of the increase in benefits provides more nearly full compensation in those cases where the employer has discriminated against the employee because of the industrial injury. (Cf. *State Dept. of Corrections* v. *Workmen's Comp. App. Bd.* (*Jensen*) (1971) 5 Cal.3d 885 [97 Cal. Rptr. 786, 489 P.2d 818].) In so providing more adequate compensation, the 50 percent increase does not seek to specifically more fully compensate individual classes of benefits but rather to increase compensation in general. This is supported by the language of section 4553 which specifies a 50 percent increase in "compensation otherwise recoverable" rather than particular classes of benefits.

As we conclude the 50 percent increase in benefits under section 132a is itself a separate "class of benefits," the section 5814 penalty applies to the entire section 132a 50 percent increase in compensation.[7]

The board's decision is annulled only insofar as it limits the section 5814 penalty to the section 132a benefits increase as applied to temporary disability indemnity. The matter is remanded to the board with directions to calculate the section 5814 penalty on the entirety of the 50 percent section 132a compensation increase and for such further proceedings as are appropriate.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

---

[7]By Statutes 1978, chapter 1250, section 3, page 4065, section 132a was amended to provide that the employee discriminated against by the employer in violation of section 132a shall also "be entitled to reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer." We are neither presented with nor decide the application of section 5814 to this additional remedy for prohibited discrimination by the employer.