[No. A063246. First Dist., Div. Two. Apr. 13, 1995.]

JUDY A. FERGUSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and RALEY'S
SUPERMARKETS, Respondents.

**COUNSEL**

Mark E. Gearheart for Petitioner.

William B. Donohoe, Joseph J. D'Andre, Mark R. Lippman and Mark R. Peterson for Respondents.

**OPINION**

**KLINE, P. J.**—This case presents the heretofore unresolved question whether the 50 percent increase in workers' compensation recovery provided

in Labor Code section 4553[1] for cases of serious and willful misconduct by an employer is to be calculated on the basis of the entire workers' compensation award, including nonindemnity payments, or must be calculated only on the basis of the compensation indemnity. We hold that the 50 percent increase is to be calculated on the entire award, not just compensation indemnity, provided the total benefits do not exceed the amount necessary to fully compensate the worker.

## BACKGROUND

On September 14, 1988, petitioner Judy A. Ferguson (applicant) slipped and fell on a wet floor while employed as a general merchandise clerk for respondent Raley's Supermarkets (Raley's). This admitted industrial injury resulted in the need for medical treatment and vocational rehabilitation. Applicant was paid temporary disability indemnity and awarded a permanent disability indemnity of 61 percent, the equivalent of $66,780, payable at $210 per week.

Applicant also sought a 50 percent increase in her award under section 4553, alleging serious and willful misconduct by Raley's. The matter proceeded to hearing on April 24, 1991, before Workers' Compensation Judge (WCJ) Christopher E. Hamilton. It was undisputed that there were no safety mats on the linoleum floor in the kitchen area, which was frequently wet and slippery from water and grease as a result of spray from a sink and a backed-up drain. It was also undisputed that Raley's knew of the dangerous condition, as other employees had fallen and complained to management. Applicant's work supervisor was aware of the dangerous condition, but chose not to put down safety mats because they were a "nuisance." Instead, employees were advised to "walk like a duck" in the wet kitchen area. Other than advising employees to walk carefully, Raley's took no action to correct the hazardous condition.

On August 29, 1991, the WCJ issued his decision, finding inter alia that applicant's injury occurred as a result of Raley's serious and willful misconduct. The WCJ ordered a one-half increase in applicant's total compensation benefits, including all nonindemnity payments, and reserved jurisdiction for determination of future increased compensation under section 4553 as a result of the serious and willful finding.

Raley's petitioned for reconsideration on September 23, 1991, contesting both the finding of serious and willful misconduct and the calculation of increased compensation on the basis of all the compensation benefits applicant received.

---

[1]All further statutory references are to the Labor Code unless otherwise noted.

On October 8, 1991, the WCJ filed his report on reconsideration, recommending that the board deny Raley's petition. As relevant to the issues before this court, the WCJ stated as follows: "[S]o long as an injured worker's total compensation award is less than the actual damages he could have recovered but for elimination of his right to sue, the added portion of the award over and above his normal compensation benefits would not amount to an unconstitutional penalty or be tantamount to punitive or exemplary damages, which the Appeals Board would have no authority to award. [¶] I think there can be no doubt in the present case that applicant's award of increased compensation still does not exceed damages she could have obtained if this were a negligence claim rather than a workers' compensation case. It seems doubtful there was any negligence on her part."

The board granted reconsideration on November 22, 1991, and on August 24, 1993, affirmed the WCJ's finding that applicant's injury occurred as a result of Raley's serious and willful misconduct. The board held, however, that the 50 percent increase in compensation pursuant to the section 4553 award applied only to compensation (temporary and permanent) indemnity and not to nonindemnity benefits.

Applicant seeks review, contending that the "amount of compensation otherwise recoverable" under section 4553 includes nonindemnity benefits such as medical treatment payments, medical-legal fees, and vocational rehabilitation costs payable to third parties. We agree.

DISCUSSION

I

■ Section 4553 provides in relevant part: "The amount of compensation otherwise recoverable shall be increased one-half, together with costs and expenses not to exceed two hundred fifty dollars ($250), where the employee is injured by reason of the serious and willful misconduct of [the employer] . . . ."

The meaning of this statute must, in the first instance, be sought in the language of the enactment itself. (*Leroy T.* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 438 [115 Cal.Rptr. 761, 525 P.2d 665].) Our role is to ascertain the intent of the Legislature so as to effect the purpose of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) In so doing, we are to harmonize the various parts of the statute with the general tenor and scope of the statutory framework as a whole (*Youngblood* v. *Workers' Comp. Appeals Bd.* (1989)

216 Cal.App.3d 764, 772 [265 Cal.Rptr. 211]); where the Legislature has prescribed the meaning to be given precise terms used in a statute, that meaning is binding on the courts. (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 638 [268 P.2d 723]; *People* v. *Aadland* (1961) 193 Cal.App.2d 584, 590 [14 Cal.Rptr. 462].)

Section 4553 cannot be read without reference to section 3207, which defines "compensation." From the time our workers' compensation scheme was initially established, this critical term has consistently been given an expansive meaning, described as including "every benefit or payment" conferred upon employees. (Stats. 1917, ch. 586, § 3, subd. (3), p. 833.) Section 3207 currently provides that " '[c]ompensation' means compensation under Division 4 [Workers' Compensation and Insurance] and includes *every benefit or payment conferred by Division 4 upon an injured employee, including vocational rehabilitation,* or in the event of his [or her] death, upon his [or her] dependents, without regard to negligence." (Italics added.) This broad language leaves no doubt that compensation includes vocational rehabilitation costs and, by virtue of their location in division 4, medical treatment payments and medical-legal fees. (§§ 4600, 5811; *Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226, 231 [133 Cal.Rptr. 517, 555 P.2d 303].)

If medical-legal fees are "compensation" for calculating increased compensation under section 5814,[2] as determined by the Supreme Court in *Adams*, then surely the cost of medical treatment, a more immediate and significant benefit to an injured employee, must also be treated as "compensation" within the meaning of section 4553.[3] It would be unconscionable for an employer, whose quasi-criminal or intentional conduct under section 4553 causes injury to an employee, to benefit from a more constrictive statutory interpretation of "compensation" than applies to an employer who, in violation of section 5814, merely delays unreasonably in the payment of benefits.

---

[2] Section 5814 provides for a 10 percent increase against the "full amount" of the class of benefits awarded where the employer has unreasonably delayed or refused payment of said benefits. (See generally, *Rhiner* v. *Workers' Comp. Appeals Bd.* (1993) 4 Cal.4th 1213 [18 Cal.Rptr.2d 129, 848 P.2d 244].)

[3] Board panels over the years have inconsistently and apparently without much analysis gone both ways on this issue. (Compare, e.g., *Crawford* v. *Futuristic Housing of America* (1977) 5 Cal. Workers' Comp. Rptr. 38 and *Krekelberg* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 725 with *Cabrales* v. *Workers' Comp. Appeals Bd.* (1989) 54 Cal.Comp.Cases 448 and *Avrit* v. *Workmen's Comp. Appeals Bd.* (1967) 32 Cal.Comp.Cases 260.)

Finally, the legislative history of section 4553 and related provisions of section 132a[4] is also consistent with an expansive interpretation of the former statute. Before enactment of the predecessor to section 4553, the workers' compensation system provided an employee a choice of remedies if his or her injury was caused by the employer's gross negligence or willful misconduct. The employee could either claim workers' compensation benefits or maintain an action at law for damages. (Stats. 1913, ch. 176, § 12, subd. (b), pp. 283-284.) This provision was deleted in 1917 and a section enacted specifying a one-half increase in compensation in the event of serious and willful misconduct by the employer as the employee's *sole* remedy. (Stats. 1917, ch. 586, § 6, subd. (b), p. 834.) "The clear implication is that the addition in 1917 of the 'exclusive remedy' limitation *and the provision for a penalty for the willful misconduct of the employer* was a substitute for the previous right of an employee to bring an action at law." (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 472 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758] (hereafter *Johns-Manville*), italics added.)

Prior to amendments made in 1982, sections 4553 and 132a *both* contained a $10,000 limit on the amount recoverable for the one-half increase in compensation from an employer guilty of either serious and willful misconduct or unlawful discrimination. Section 132a incorporated by reference the "provisions of [s]ection 4553" with regard to "increased compensation."[5] Effective January 1, 1983, sections 4553 and 132a were both amended. The reference to the "provisions in [s]ection 4553" was deleted from section 132a, but the statute specifically retained the $10,000 limit on the amount recoverable against an employer. (Stats. 1982, ch. 922, § 1, p. 3364.) The $10,000 limit on the amount of increased compensation was, however, removed from section 4553, thereby eliminating any restriction on the actual amount that may be awarded under section 4553 when an injury is caused by an employer's serious and willful misconduct. (Stats. 1982, ch. 922, § 10, p. 3369.) From this it may be inferred that in 1982, the last time it modified section 4553, the Legislature intended no restriction on the basis upon which the increased compensation award is to be calculated.

---

[4]Section 132a provides in relevant part: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment. [¶] (1) Any employer who . . . in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's *compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000)*, together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer." (Italics added.)

[5]The 50 percent increase in compensation by way of reference to section 4553 as a sanction was added to section 132a in 1972. (1 Herlick, Cal. Workers' Compensation Law (4th ed. 1990) Penalties, § 11.27, p. 11-40.)

"The Legislature is presumed to have in mind existing law when it passes a statute." (*Clark* v. *Workers' Comp. Appeals Bd.* (1991) 230 Cal.App.3d 684, 695-696 [281 Cal.Rptr. 485].) Moreover, if the Legislature carefully employs a term in one statute and deletes it from another, it must be presumed to have acted deliberately. (*Ibid.*) Accordingly, the alterations to sections 4553 and 132a effective in 1983 provide compelling evidence of a legislative intent to increase the potential recovery for an employee who suffers an injury caused by the serious and willful misconduct of an employer under section 4553.

For the foregoing reasons, we are persuaded the legislative scheme contemplates that an award for increased compensation due to the serious and willful misconduct of an employer under section 4553 must be calculated with reference to "*every* benefit or payment conferred by Division 4 upon an injured employee" (italics added), as broadly defined in section 3207 to include medical treatment payments, medical-legal fees and vocational rehabilitation costs, as well as all indemnity benefit payments.

The remaining question is whether an increased compensation award under section 4553 calculated in this manner may in certain circumstances be constitutionally excessive.

## II

The workers' compensation system only authorizes payment of "compensation" for work-related injuries and does not authorize punitive damages (*State Dept. of Corrections* v. *Workmen's Comp. App. Bd.* (1971) 5 Cal.3d 885, 888-889 [97 Cal.Rptr. 786, 489 P.2d 818] (hereafter *Jensen*);[6] Cal. Const., former art. XX, § 21, now art. XIV, § 4). The board reasoned that a 50 percent increase in the full amount of medical treatment and like nonindemnity benefits payable to third parties would amount to punitive damages and therefore impose an unconstitutional penalty. Though we disagree that an award increased in this manner will *necessarily* exceed the constitutional limit, we agree it may in some cases have that effect.

To be sure, the serious and willful misconduct remedy provided by section 4553 is "punitive" in the sense that it requires an employer to pay an injured employee more than would be required in the absence of such

---

[6]In *Jensen, supra*, 5 Cal.3d 885, the Supreme Court held that a section 4553 increase against the Department of Corrections did not violate Government Code section 818, which proscribes awards of punitive damages against public entities. (5 Cal.3d at p. 891.)

misconduct.[7] Thus the remedy departs to some extent from the no-fault principle upon which our workers' compensation system is primarily based. It bears noting, however, that this departure may be made only in the event of an exceptionally high degree of employer fault, surpassing even gross negligence. (*Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 102, 120 [251 P.2d 955].) ■ "Serious and willful misconduct" within the meaning of section 4553 is an act deliberately done for the express purpose of injuring another, or intentionally performed whether with knowledge that serious injury is a probable result or with a positive, active, wanton, reckless and absolute disregard of its possibly damaging consequences. (*Ibid.*) "In sum, the provisions of section 4553 were designed to penalize intentional misconduct of an employer . . . ." (*Johns-Manville, supra*, 27 Cal.3d at p. 473.)[8]

■ While an award for increased compensation under section 4553 may be said to constitute a "penalty," however, it does not necessarily provide the injured worker more than is necessary to fully compensate him or her for the injury sustained and is therefore not comparable to exemplary damages. (*Jensen, supra*, 5 Cal.3d at pp. 888-891; *People* v. *Superior Court (Kardon)* (1973) 35 Cal.App.3d 710, 713-714 [111 Cal.Rptr. 14]; see *Adams* v. *Workers' Comp. Appeals Bd., supra*, 18 Cal.3d at p. 229; see also *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1982) 130 Cal.App.3d 933, 941 [182 Cal.Rptr. 171].) Because conventional workers' compensation benefits do not fully compensate an employee for his or her injuries and other detriment, the increase allowed under section 4553 may only provide full or more nearly full compensation than would be available in the absence of the employer's serious and willful misconduct. (See *Burton* v. *Workers' Comp. Appeals Bd.* (1980) 112 Cal.App.3d 85, 90-91 [169 Cal.Rptr. 72];[9] cf. *Jensen, supra*, 5 Cal.3d at pp. 888-892.)

---

[7]Insurance Code section 11661 prohibits insurers from insuring employers against liability for the additional compensation recoverable for the serious and willful misconduct of the employer or the employer's agent.

[8]In *Johns-Manville, supra*, 27 Cal.3d 465, the Supreme Court held that an employee injured by asbestos exposure who had filed a workers' compensation claim could later bring a civil action against his employer for fraudulent concealment of asbestos disease. (*Id.* at p. 469.) *The court characterized the employer's actions as so egregious as to justify an award of punitive damages, which could* "*be afforded only in an action at law.*" (*Id.* at p. 478, italics added.)

[9]In *Burton*, the issue presented was the proper calculation of a 10 percent penalty under section 5814 for the employer's failure to comply with an award of increased workers' compensation benefits based upon the employer's discrimination against the employee under section 132a. At that time, proceedings under section 132a for increased compensation as a result of unlawful discrimination were subject to the provisions of section 4553, which provided as pertinent for a 50 percent increase in compensation up to a limit of $10,000. The Court of Appeal held that the 50 percent increase in benefits under section 132a was itself a

The theory that the calculation of increased compensation authorized by section 4553 against all compensation awarded, including nonindemnity benefits, is constitutionally excessive has evolved erroneously from language in the Supreme Court's opinion in *E. Clemens Horst Co.* v. *Industrial Acc. Com.* (1920) 184 Cal. 180 [193 P. 105, 16 A.L.R. 611] (hereafter *Horst*),[10] decided shortly after the initial passage of California's workers' compensation system in 1916 and the ensuing enactment in 1917 of the serious and willful statute, the predecessor to section 4553.[11] The opinion in *Horst* includes the following two sentences: "It is . . . to be presumed the legislature found that the actual injury by loss of earnings and other elements of damage, *not including expenses for costs of treatment and the like*, would be at least fifty per cent more than the fixed schedule would come to, and that it was deemed just if the injury was caused by willful misconduct of the employer he should be made to pay a greater proportion of the burden, and that the allowance in such a case should be increased by adding fifty per cent thereto. *Thus considered, the additional allowance is really for additional compensation in the strict sense, and not for exemplary damages.*" (*Horst, supra*, 184 Cal. at p. 193, italics added.)

Although the first sentence quoted above appears to exclude "expenses for costs of treatment and the like" from the amount upon which the 50 percent

---

"separate 'class of benefits' " as defined under *Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815 [153 Cal.Rptr. 590, 591 P.2d 1242]. (*Burton* v. *Workers' Comp. Appeals Bd., supra*, 112 Cal.App.3d at p. 91.) Significantly, the court stated: "While the 50 percent increase in compensation provided for in section 132a is often classified by legal writers as a 'penalty' [citations], such civil/administrative remedy is not a 'penalty' in the sense it is punitive in nature. Rather, the 50 percent increase in the award is compensatory in two ways. First, the employee is compensated for damages directly caused as the result of the employer's prohibited discriminatory conduct . . . . Secondly, as the workers' compensation benefits ordinarily provided do not fully compensate the employee for his injuries and his other detriment, the allowance of the increase in benefits provides more nearly full compensation in those cases where the employer has discriminated against the employee because of the industrial injury. (Cf. [*Jensen, supra*, 5 Cal.3d 885].) *In so providing more adequate compensation, the 50 percent increase does not seek to specifically more fully compensate individual classes of benefits but rather to increase compensation in general. This is supported by the language of section 4553 which specifies a 50 percent increase in 'compensation otherwise recoverable' rather than particular classes of benefits.*" (*Burton, supra*, 112 Cal.App.3d at pp. 90-91; italics added.)

[10]In *Horst*, the Supreme Court upheld a finding of serious and willful misconduct against the employer under the newly enacted statute. (*Horst, supra*, 184 Cal. at pp. 191-192.) Concluding the serious and willful allowance was for additional compensation and thus constitutional, the court held that the Industrial Accident Commission (predecessor to the board) had jurisdiction to enforce the serious and willful award against the employer. (*Id.* at p. 193.)

[11]Section 6, subdivision (b) of the Workmen's Compensation Act provided in relevant part: "[W]here the employee is injured by reason of the serious and willful misconduct of the employer, . . . the amount of compensation otherwise recoverable for injury or death . . . shall be increased one-half . . . ; *provided, however*, that said increase of award shall in no event exceed twenty-five hundred dollars." (Stats. 1917, ch. 586, § 6, subd. (b), p. 834.)

increase would be based, this language is dicta. The constitutionality of a 50 percent increase in the injured employee's temporary disability indemnity benefits was at issue in *Horst* only because of its arguably punitive character. (*Horst, supra*, 184 Cal. at pp. 182, 192-193.) The analysis in *Horst* concentrates on the court's constitutional determination that the remedy for an employer's willful misconduct is chiefly designed to provide more nearly full compensation to an injured employee rather than to penalize an employer. (*Jensen, supra*, 5 Cal.3d at p. 889.) *Horst* did not specifically consider the *type* of "compensation" which provides the basis for calculation of the 50 percent increase, nor has the Supreme Court ever addressed that question.

■ We are not bound by Supreme Court dicta we do not find relevant and compelling. (*Chevron U.S.A., Inc.* v. *Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265, 1272 [268 Cal.Rptr. 699]; see generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 785, p. 756.) Moreover, "[i]t is axiomatic that cases are not authority for propositions not considered." (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7 [82 Cal.Rptr. 724, 462 P.2d 580].) " 'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.' (*Webster* v. *Fall* (1925) 266 U.S. 507, 511 [69 L.Ed. 411, 413, 45 S.Ct. 148].)" (*Canales* v. *City of Alviso* (1970) 3 Cal.3d 118, 127-128, fn. 2 [89 Cal.Rptr. 601, 474 P.2d 417].)

■ Consequently, so long as an award for increased compensation under section 4553 calculated on the basis of *all* compensation received by the injured worker, including indemnity as well as nonindemnity benefits, does not provide the injured worker more than is necessary to *fully* compensate the worker for *all* damages he or she sustained as a result of the injury caused, at least in part, by the willful misconduct of the employer, the award does not constitute punitive damages and is therefore not constitutionally excessive. *"The [legislative] policy choice is . . . to offer the augmented award for serious and willful misconduct in trade for the relatively rare award of punitive damage."* (*Azevedo* v. *Abel* (1968) 264 Cal.App.2d 451, 459-460 [70 Cal.Rptr. 710], italics added; accord, *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760, 778 [121 Cal.Rptr. 621].)[12]

---

[12]Because the Legislature removed the $10,000 ceiling on a serious and willful recovery under section 4553, we recognize that potentially there is no limit on the amount of benefits or compensation from which the one-half increased compensation award is to be calculated. Given the provisions of section 4600 requiring unlimited, reasonable lifetime medical treatment for the effects of an industrial injury, it is conceivable that there may be circumstances where adding a 50 percent increase in compensation to those "benefits otherwise recoverable" could exceed the injured employee's potential compensatory recovery in tort and venture into

We believe the phrase "full and complete compensation," as that term is employed in *Horst* (184 Cal. at p. 193), refers to the amount of compensatory damages a worker could be awarded in a civil action if entitled to sue in tort. Such a compensatory damages award does not exceed the amount that may be awarded under the workers' compensation system because it is not punitive. A workers' compensation award may not be deemed punitive in the constitutional sense merely because it exceeds that which could be awarded in the absence of willful misconduct. As noted in *Horst*, "the ordinary schedule of compensation [established under the workers' compensation system] was not considered to be full and complete compensation for the injuries received." (*Ibid.*) Thus, a workers' compensation award exceeding that payable under "the ordinary schedule of compensation" is not ipso facto more than may be justified as "full and complete compensation."

## III

Should the occasion arise where a section 4553 award of increased compensation is challenged by an employer for exceeding the injured employee's potential civil tort recovery, the board should adjudicate the question in much the same manner as in cases in which credit is claimed in a third party action and employer negligence is in issue. (§ 3861; see *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 843-847 [150 Cal.Rptr. 888, 587 P.2d 684]; *Bonner* v. *Workers' Comp. Appeals Bd.* (1990) 225 Cal.App.3d 1023, 1037-1038 [275 Cal.Rptr. 337]; see generally, 1 Hanna, Cal. Law of Employee Injuries & Workers' Compensation (2d rev. ed. 1994) § 11.42[5], pp. 11-106 to 11-113.) In this latter context, general tort law, not workers' compensation law, defines the substantive law concerning recovery in a civil action. (*County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 873-874 [140 Cal.Rptr. 638, 568 P.2d 363].) This includes *compensatory* damages as follows: (1) the reasonable value of necessary medical expenses thus far incurred and fairly certain to be incurred in the future; (2) the value of loss of earnings or impairment of earning capacity from the time of injury to the time of settlement and loss or impairment of future earning capacity; (3) a reasonable compensation for physical pain, physical disability and mental suffering, including past and future; and (4) the value of all other special losses or

the realm of a constitutionally impermissible punitive damage award. This issue is not before us. Thus, while our holding herein theoretically allows an employee injured by the serious and willful misconduct of his or her employer to obtain the equivalent of civil tort damages, it categorically does *not* sanction punitive damages as discussed by the Supreme Court in *Johns-Manville, supra,* 27 Cal.3d at page 478. We emphasize the caveat that while compensation otherwise recoverable within the meaning of section 4553 includes every benefit, constitutional restraints may intersect at some point to prohibit the payment of further compensation under section 4553 which in effect then would be construed as punitive or constitutionally excessive damages.

expenses that can be proven. (*Bonner*, *supra*, 225 Cal.App.3d at p. 1037.) Consideration in this formula of punitive damages, seldom seen (see, e.g., *Johns-Manville*, *supra*, 27 Cal.3d at p. 478), is not allowed because to do so would sanction constitutionally excessive damages and completely undermine the exclusivity of section 4553 as a workers' compensation remedy for an employment injury caused by the serious and willful misconduct of an employer. These same principles should govern the board's determination when an employer challenges an award of increased compensation as excessive.

CONCLUSION

The board's opinion and decision after reconsideration dated August 24, 1993, is annulled. The matter is remanded to the board for further proceedings consistent with the views expressed herein.

Smith, J., concurred.

**PHELAN, J.**—I respectfully dissent. By allowing the 50 percent compensation increase to be calculated on the entire amount of the award, including nonindemnity payments such as vocational rehabilitation and medical-legal costs, the majority effectively give an injured employee in a willful misconduct case the functional equivalent of a tort action, save only the opportunity to collect punitive damages. I do not believe the Legislature intended Labor Code section 4553[1] to be read so generously.

In reaching their decision, the majority rely primarily on the broadly worded definition of "compensation" in section 3207 as well as the Supreme Court's decision in *Adams* holding that the 10 percent penalty under section 5814 for delayed payments applied to medical/legal expenses as well as to temporary disability indemnity. (*Adams* v. *Workers' Comp. Appeals Bd.* (1976) 18 Cal.3d 226 [133 Cal.Rptr. 517, 555 P.2d 303].) Additionally, they conclude that the Legislature's removal of the $10,000 cap on the amount by which compensation could be increased under section 4553 indicated ". . . the Legislature intended no restriction on the basis upon which the increased compensation award is to be calculated." (Maj. opn., *ante*, at p. 1620.) The majority's analysis is fatally flawed.

First, the focus on section 3207 fails to take into account the long-standing interpretation of section 4553 and the Legislature's obvious acquiescence in that interpretation. Secondly, their attempt to analogize the 50 percent "compensation" increase under section 4553 to the 10 percent delayed

---

[1]All statutory references are to the Labor Code unless otherwise indicated.

payment penalty under section 5814 fails. Next, the majority read too much into the Legislature's removal of the $10,000 cap on the amount by which compensation can be increased. Finally, the majority fails to consider the impact their decision will have in the converse situation, that is where there is serious and willful misconduct by an employee. To be consistent, the majority must concede that the employee's entire compensation package must be reduced by 50 percent if he or she has been found to have sustained an industrial injury as a result of his or her own serious and willful misconduct. (§ 4551.)

## I.

Section 4553 provides in relevant part, "The amount of compensation otherwise recoverable shall be increased one-half . . . where the employee is injured by reason of the serious and willful misconduct of [the employer] . . . ."

In *E. Clemens Horst Co.* v. *Industrial Acc. Com.* (1920) 184 Cal. 180 [193 P 105, 16 A.L.R. 611] (hereafter *Horst*), after upholding a finding of serious and willful misconduct, the Supreme Court addressed the employer's argument that the monetary award for serious and willful misconduct provided for in the newly enacted statute, which was the predecessor to section 4553,[2] provided for an unconstitutional penalty. The constitutional authority for a workers' compensation system had authorized, and still authorizes, payment of "compensation" for work-related injuries; it does not authorize punitive damages. (Cal. Const. former art. XX, § 21; see now *id.*, art. XIV, § 4.) Therefore, the court agreed with the employer that if the award for serious and willful misconduct is a penalty, ". . . it is beyond the legislative power and void." (*Horst, supra*, 184 Cal. at p. 192.)

The court upheld the constitutionality of the award, finding that it was compensation and not a penalty. The court reasoned as follows. Although the workers' compensation system fully compensates the worker for medical expenses, it compensates the worker only partially for lost wages. Thus some of the burden of lost wages is on the employee and some is on the employer. Section 4553 forces the employer to pay a greater proportion of the compensation burden because of its misconduct.

The court said, "It is . . . to be presumed the legislature found that the actual injury by loss of earnings and other elements of damage, *not including*

---

[2]Section 6, subdivision (b) of the Workmen's Compensation Act (Stats. 1917, ch. 586, § 6, subd. (b), p. 834) provided in relevant part, "[W]here the employee is injured by reason of the serious and willful misconduct of the employer, . . . the amount of compensation otherwise recoverable for injury or death . . . shall be increased one-half . . . ."

*expenses for costs of treatment and the like,* would be at least fifty per cent more than the fixed schedule would come to, and that it was deemed just if the injury was caused by willful misconduct of the employer he should be made to pay a greater proportion of the burden, and that the allowance in such a case should be increased by adding fifty per cent thereto. Thus considered, the additional allowance is really for *additional compensation in the strict sense,* and not for exemplary damages." (*Horst, supra,* 184 Cal. at p. 193, italics added.) Thus, from the time of the statute's first enactment, its validity was viewed by the Supreme Court as depending, at least in part, on the fact that the increase was of compensation only and not of medical costs and "like" costs.

The majority dismisses the *Horst* analysis as "dicta we do not find relevant and compelling." (Maj. opn., *ante,* at p. 1624.) I do not believe *Horst* can be so easily dispatched. The language and holding of *Horst* have never been questioned by the Supreme Court. Rather, the court has quoted and relied on the decision and cited it with approval. (See *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 478, fn. 12 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758] (*Rudkin*); *State Dept. of Corrections* v. *Workmen's Comp. App. Bd.* (1971) 5 Cal.3d 885, 888-889 [97 Cal.Rptr. 786, 489 P.2d 818] (*Jensen*).)

In *Jensen,* the question before the court was whether an award under section 4553 assessed against the Department of Corrections violated Government Code section 818, which proscribed awards of punitive damages against public entities. The court quoted from *Horst* at length and reaffirmed its holding, stating, "It is manifest from the analysis in *Horst* that section 4553 . . . is designed to provide more nearly full compensation to an injured employee rather than to penalize an employer; otherwise the section would be unconstitutional." (*Jensen, supra,* 5 Cal.3d at p. 889.) After distinguishing other decisions which seemed to support a contrary conclusion, the court held that the section 4553 award did not violate Government Code section 818, in view of, inter alia, "the long prevailing rationale of *Horst* . . . ." (*Jensen, supra,* 5 Cal.3d at p. 891.)

In *Rudkin* the court held that a worker injured by asbestos who had filed a workers' compensation claim could later bring a civil action against his employer for fraudulent concealment of asbestos disease. The court characterized the employer's actions in the case as so egregious as to justify an award of punitive damages, which could "be afforded only in an action at law." (*Rudkin, supra,* 27 Cal.3d at p. 478.) At this point the court's footnote reads, "The 50 percent increase in the award authorized by section 4553 is additional compensation and does not represent exemplary damages. [Citing *Horst* and *Jensen.*]" (*Id.* at p. 478, fn. 12.)

The majority's rationale under section 3207 is also not persuasive. Workers' compensation statutes have always defined "compensation" as including "every benefit or payment" conferred by the Workmen's Compensation Act. (Stats. 1917, ch. 586, § 3, subd. (3), p. 833.) Today section 3207 provides, "'Compensation' means compensation under Division 4 [Workers' Compensation and Insurance] and includes every benefit or payment conferred by Division 4 upon an injured employee, including vocational rehabilitation, or in the event of his [or her] death, upon his [or her] dependents, without regard to negligence." The *Horst, Rudkin,* and *Jensen* courts, presumably were aware of the broad general statutory definition of "compensation," but found that they were compelled to narrow the definition for purposes of section 4553 so that the constitutional prohibition of punitive damages could be honored. The Legislature has revisited section 4553 by reenactment or amendment on seven separate occasions since *Horst* was decided in October 1920. (See Historical Note, 44A West's Ann. Lab. Code (1989 ed.) § 4553, p. 399.) We must assume that, in doing so, the Legislature had full knowledge of the *Horst* interpretation of the word "compensation" found in the former version of section 4553. *Jones* v. *Keppeler* (1991) 228 Cal.App.3d 705, 711 [279 Cal.Rptr. 168].) "'There is a strong presumption that when the Legislature reenacts a statute which has been judicially construed it adopts the construction placed on the statute by the courts.' [Citation.]" (*Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345, 353 [211 Cal.Rptr. 742, 696 P.2d 134]; *People* v. *Gangemi* (1993) 13 Cal.App.4th 1790, 1797 [17 Cal.Rptr.2d 462].) Therefore, under this long-standing decisional authority, I conclude there is a particular definition of "compensation otherwise recoverable" as used in section 4553 which prevails over the general usage in section 3207.

### II.

The attempt by the majority to draw an analogy to the method for calculating the 10 percent penalty for unreasonably delayed payment of benefits under section 5814 is inapposite. The majority conclude: "If medical-legal fees are 'compensation' for calculating increased compensation under section 5814, as determined by the Supreme Court in *Adams* [*Adams* v. *Workers' Comp. Appeal Bd., supra,* 18 Cal.3d 226], then surely the cost of medical treatment, a more immediate and significant benefit to an injured employee, must also be treated as 'compensation' within the meaning of section 4553." (Maj. opn., *ante,* at p. 1619, fns. omitted.) *Adams,* of course, held that section 5814 should be construed in the light of the definition of "compensation" set forth in section 3207. There is simply nothing in *Adams,* however, which undermines the long-standing interpretation of the word "compensation" in section 4553 first announced by the Supreme Court in *Horst.* Moreover, even the reach of *Adams* has been restricted. In *Gallamore*

v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 826 [153 Cal.Rptr. 590, 591 P.2d 1242], the Supreme Court observed, "We stress that in *Adams* we did not suggest that the penalty should be applied to any benefits, such as the permanent disability award, which had not been delayed, despite the fact that such benefits arguably were part of the 'full' award to which the penalty could apply." The court held that the penalty should not be applied to categories of benefits which were neither delayed nor refused. Thus, I find nothing in *Adams* which supports the expansive definition of "compensation" which the majority seeks to infuse into section 4553. The penalty calculation under section 5814 is simply not comparable to the compensation indemnity increase which section 4553 authorizes. Section 5814 *is* a "penalty statute" which was "enacted as an inducement to prompt payment on the part of private employers and their insurers . . . ." (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 396-397 [20 Cal.Rptr.2d 523, 853 P.2d 978].) Section 4533, on the other hand, does not impose a penalty but rather provides an increase in compensation to the employee for an injury. (*Fermino* v. *Fedco, Inc.* (1994) 7 Cal.4th 701, 713-714 [30 Cal.Rptr.2d 18, 872 P.2d 559].)

### III.

The majority also attach unwarranted significance to the Legislature's deletion in 1982 of the $10,000 limit on the amount that can be recovered from an employer as a result of serious and willful misconduct. They conclude: "From this it may be inferred that in 1982, the last time it modified section 4553, the Legislature intended no restriction on the basis upon which the increased compensation award is to be calculated." (Maj. opn., *ante*, at p. 1620.) I strongly disagree. The amendment neither expressly nor impliedly addresses the "basis" for calculating an increased compensation award. Rather, the amendment appears to be nothing more than a legislative recognition of the effects of inflation—something it had obviously addressed on three prior occasions when it raised the maximum recoverable amount. In 1949 the Legislature raised the ceiling from $2,500 to $3,750; in 1959 the increase went to $7,500; and in 1972 the maximum award amount was increased to $10,000. (See Historical Note, 44A West's Ann. Lab. Code, *supra*, § 4553, p. 399.)

Additionally, the majority suggest that, since the Legislature did not remove the $10,000 limit from the 50 percent increase in compensation which can be awarded against an employer for unlawful discrimination under section 132a, this is "compelling evidence of a legislative intent to increase the potential recovery for an employee who suffers an injury caused

by the serious and willful misconduct of an employer under section 4553." (Maj. opn., *ante*, at p. 1621.) I agree that the Legislature intended to allow an increased recovery for an employee, but that conclusion does not assist at all in answering the question of how the increase is to be calculated. In short, there is nothing in the 1982 amendments which demonstrates the Legislature intended that the increase was to be calculated on the basis of nonindemnity payments as well as compensation indemnity.

## IV.

Finally, the majority overlook a direct and immediate consequence of their decision which I believe will defeat one of the basic purposes of the workers' compensation law in the circumstance where the employee is injured on the job as a result of his or her own serious and willful misconduct. Under section 4551, the amount of "compensation otherwise recoverable" by an injured employee must be "reduced one-half" (with certain specified exceptions). These statutes were enacted at the same time and use identical terminology. Indeed, the words "serious and willful misconduct" in both sections 4551 and 4553 have been construed as having the same meaning. (*Rudkin, supra,* 27 Cal.3d 465, 473, fn. 7; *Hawaiian Pineapple Co. v. Ind. Acc. Com.* (1953) 40 Cal.2d 656, 664 [255 P.2d 431].) Surely the definition of "compensation" in these counterpart statutes must likewise be identical. Thus, under the majority's interpretation of "compensation," an employee's entire award, including vocational rehabilitation and medical-legal benefits, must be cut in half if the employee is injured as a result of his or her own serious and willful misconduct. I cannot believe the Legislature intended such a drastic consequence in this circumstance. It would surely undermine one of the fundamental purposes of the workers' compensation law—namely, to provide for an injured employee's early return to the productive work force, regardless of fault.

The California Constitution declares that the "social public policy" of the state includes "full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve [the job related injured worker] from the effects of such injury." (Cal. Const., art. XIV, § 4.) Taking away one-half of an injured employee's compensation indemnity award because of serious and willful misconduct may make good sense—but certainly it does not when it comes to medical and rehabilitation expenses. To do so would directly undermine the public policy which seeks to assure prompt return of injured employees to the work force regardless of how or why they received their industrial injury.

For the foregoing reasons, I would affirm the opinion and decision of the Workers' Compensation Appeals Board.

Petitioner's application for review by the Supreme Court was denied July 13, 1995. Baxter, J., was of the opinion that the application should be granted.