BROWN, J.
I respectfully dissent.
“An agency interpretation of the meaning and legal effect of a statute is entitled to consideration and respect by the courts . . . .” (Yamaha Corp. of America v. State Bd. of Equalization (1998) 19 Cal.4th 1, 7 [78 Cal.Rptr.2d 1, 960 P.2d 1031] (Yamaha).) Here, the Workers’ Compensation Appeals Board (WCAB) has interpreted Labor Code section 132a[1] as creating a right to workers’ compensation benefits, not civil damages, even if the award at issue is for backpay. The WCAB found “no authority” allowing it to award prejudgment interest on workers’ compensation benefits, and neither do I.
*1120 Civil Code section 3287, subdivision (a), on which the-majority relies, applies only to “person[s] . . . entitled to recover damages” (italics added), and the Civil Code defines damages much more broadly than the benefits available under Labor Code section 132a. For example, Civil Code section 3333 provides that “the measure of damages ... is the amount that will compensate for all the detriment proximately caused . . . whether it could have been anticipated or not.” Labor Code section 132a, by comparison, only permits an award of backpay and a 50 percent increase in compensation benefits otherwise payable on account of the worker’s injury. In short, nothing in Civil Code section 3287 permits an award of prejudgment interest on workers’ compensation benefits, and nothing in Labor Code section 132a suggests that the Civil Code provisions relating to damages apply.
Moreover, the WCAB’s interpretation of section 132a is confirmed by several Court of Appeal decisions that describe section 132a as creating a right to a “ ‘class of benefits.’ ” (E.g., Burton v. Workers’ Comp. Appeals Bd. (1980) 112 Cal.App.3d 85, 91 [169 Cal.Rptr. 72].) I can find no case that makes reference to “section 132a damages.” Of course, the same discriminatory act that is the subject of a section 132a petition may, in some cases, also give rise to a claim for damages under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) or the common law (City of Moorpark v. Superior Court (1998) 18 Cal.4th 1143, 1148 [77 Cal.Rptr.2d 445, 959 P.2d 752]), but under section 132a, damages are simply not available. Because this case involves an administrative agency’s award of benefits, not civil damages, I see no basis for distinguishing our decision in American Federation of Labor v. Unemployment Ins. Appeals Bd. (1996) 13 Cal.4th 1017 [56 Cal.Rptr.2d 109, 920 P.2d 1314], which precluded an award of interest in an analogous context.
In addition, section 5800 implicitly precludes prejudgment interest on WCAB awards by explicitly authorizing postjudgment interest only. Section 5800 provides in pertinent part: “All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award.” The majority stresses that section 5800 applies only to awards “ ‘for the payment of compensation or . . . death benefits,’ ” and argues that section 3207 defines “compensation” as “ ‘compensation under Division 4’ whereas, section 132a falls in division 1 of the Labor Code. (Maj. opn., ante, at p. 1113.) But section 3207 expressly states that “compensation under Division 4” includes “vocational rehabilitation,” which, like backpay under section 132a, is a benefit conferred by division 1 of the Labor Code. (See § 139.5.) Therefore, section 3207’s reference to division 4 was clearly not meant to be restrictive.
*1121 Furthermore, as noted, the WCAB’s interpretation of sections 132a, 3207, and 5800 is entitled to “consideration and respect” {Yamaha, supra, 19 Cal.4th at p. 7), and a fair application of the factors we articulated in Yamaha militates our deference to the WCAB in this instance. While we acknowledged in Yamaha that deference to administrative interpretations is always “situational” {id. at p. 12, italics omitted) and depends on “a complex of factors” {ibid.), we also emphasized that where the agency has special expertise {ibid.) and its decision is “careful[ly] consider[ed] by senior agency officials” {id. at p. 13), it is entitled to correspondingly greater weight. {Id. at pp. 12-15.) I believe the WCAB’s familiarity with sections 132a, 3207, and 5800, as well as the entire scheme of the workers’ compensation law it enforces, renders its interpretation of those provisions presumptively correct, and in this case the interpretation comes from the highest policymaking level of the agency. Accordingly, I consider this case to be one in which deference is appropriate.
As this case involves an administrative agency’s award of benefits, not civil damages, I see no basis for applying Civil Code section 3287, subdivision (a), or for distinguishing our decision in American Federation of Labor v. Unemployment Ins. Appeals Bd., supra, 13 Cal.4th 1017. Moreover, I would interpret Labor Code section 5800 as applying to awards of backpay under Labor Code section 132a and precluding prejudgment interest. Accordingly, I would uphold the decision of the WCAB.

Further statutory references are to the Labor Code unless otherwise indicated.